# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| IRA KWAN DARIES CRAIG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:16-cv-02011-SGC |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, COMMISSIONER, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION[1]

Plaintiff Ira Kwan Daries Craig appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI"). (Doc. 1). Plaintiff timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). For the reasons stated below, the Commissioner's decision is due to be affirmed.

**I.     FACTS, FRAMEWORK, AND PROCEDURAL HISTORY**

Plaintiff was fifty years old on the date he filed the instant application and was fifty-two at the time of the Administrative Law Judge's ("ALJ's") decision. (*See* R. 22, 24). Plaintiff had at least a high school education and speaks English.

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 9).

(R. 23). Plaintiff has past work experience as a salesman, ending in 1998; he subsequently worked at a carwash for approximately six months in 2011. (R. 38, 50). Plaintiff alleges a disability onset of September 5, 2009, due to a bulging disc, diabetes, and high blood pressure. (R. 155; *see* R. 16).

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination whether the claimant is performing substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in SGA, he or she is not disabled and the evaluation stops. *Id*. If the claimant is not engaged in SGA, the Commissioner proceeds to consider the combined effects of all the claimant's physical and mental impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet durational requirements before a claimant will be found disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch,* 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, at which the Commissioner determines whether the claimant's impairments meet the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii),

416.920(a)(4)(iii). If the impairments fall within this category, the claimant will be found disabled without further consideration. *Id.* If the impairments do not fall within the listings, the Commissioner determines the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e).

At step four the Commissioner determines whether the impairments prevent the claimant from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, he or she is not disabled and the evaluation stops. *Id.* If the claimant cannot perform past relevant work, the analysis proceeds to the fifth step, at which the Commissioner considers the claimant's RFC, as well as the claimant's age, education, and past work experience, to determine whether he or she can perform other work. *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, he or she is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found Plaintiff had not engaged in SGA since the alleged onset of his disability. (R. 18). At step two, the ALJ found Plaintiff suffered from the single, severe impairment of degenerative disc disease ("DDD") of the lumbar spine. (R. 18-19). The ALJ further found Plaintiff suffered from the non-severe impairments of diabetes mellitus, hypertension, ocular hypertension, asthma, hyperlipidemia, and suspicion of glaucoma. (*Id.*).

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments meeting or medically equaling any of the listed impairments. (R. 19-20). Before proceeding to step four, the ALJ determined Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(c), except that he could only frequently crawl and climb ladders, ropes, or scaffolds. (R. 20-22).

At step four, the ALJ determined Plaintiff had no past relevant work. (R. 22). Because the Plaintiff's RFC did not allow for the full range of medium work, the ALJ relied on the testimony of a vocational expert in finding a significant number of jobs in the national economy Plaintiff can perform. (R. 23). The ALJ concluded by finding Plaintiff was not disabled. (R. 24).

## II. STANDARD OF REVIEW

A court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). A court gives deference to the factual findings of the Commissioner, provided those findings are

supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, a court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if a court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

No decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. DISCUSSION

Plaintiff's principal argument on appeal is based on a prior SSI application that was denied on September 12, 2008, approximately one year prior to the disability onset alleged in the instant application. (Doc. 12 at 7). Plaintiff states the prior application was denied after a hearing at which the ALJ found he suffered from the severe impairments of "back disorder not otherwise specified, diabetes mellitus, hypertension, status post cyst removal, and status post nasal surgery." (*Id.*). Plaintiff alleges the prior ALJ assigned an RFC for medium work limited to occasional bending, climbing, and stooping and precluding pushing and/or pulling with the left leg. (*Id.*). Accordingly, Plaintiff contends the ALJ failed to follow the law of the case under the analysis employed in *Bloodsaw v. Apfel*, 105 F. Supp. 2d 1223 (N.D. Ala. 2000). Specifically, Plaintiff contends the ALJ erred in finding he suffered from only one severe impairment and in assigning a less restrictive RFC. (Doc. 12 at 7-8).

As the Commissioner notes, Plaintiff's theory regarding the prior disability determination suffers from at least two flaws. First, it appears the prior application was decided at the initial level and that Plaintiff never sought an ALJ hearing. (*See* R. 39-40, 138). While Plaintiff states the prior application was adjudicated after a hearing and purports to attach the prior ALJ's decision as an exhibit, Plaintiff's brief is unaccompanied by exhibits. (Doc. 12 at 2 n.1). Accordingly, Plaintiff has

not produced or pointed to any prior decision from which to analyze his arguments regarding *res judicata* or law of the case. Nor has Plaintiff replied to the Commissioner's statements regarding the procedural posture of the prior determination or its absence from the record.

Moreover, even assuming Plaintiff's description of a prior decision is accurate, it would not be entitled to any preclusive effect. The instant application alleges a disability onset date of September 5, 2009. As described the by Plaintiff, the prior application was denied on September 12, 2008. (Doc. 12 at 1). Accordingly, the prior application concerned an earlier time period, entirely distinct from the period relevant to the instant petition. The Eleventh Circuit has repeatedly held, albeit in unpublished decisions, that prior findings and RFC assessments concerning different and distinct periods of time have no preclusive effect on a subsequent, unadjudicated period. *Moreno v. Astrue,* 366 F. App'x 23, 27 (11th Cir. 2010); *McKinzie v. Comm'r of Soc. Sec.*, 362 F. App'x 71, 73 (11th Cir. 2010); *Luckey v. Astrue*, 331 F. App'x 634, 638 (11th Cir. 2009). For the foregoing reasons, any determinations made in the prior decision described by Plaintiff would not constitute the law of the case and would not be entitled to preclusive effect.

Having addressed Plaintiff's arguments regarding law of the case, what remains is Plaintiff's contention that the ALJ's RFC determination underestimated

the severity of his back problems. (Doc. 12 at 8-10).[2] In support of this argument, Plaintiff points to diagnostic testing, examination findings, diagnoses, and procedures he underwent. (*Id.*). Plaintiff contends this evidence shows his August 16, 2013 lumbar laminectomy was not effective and that he continued to suffer from debilitating pain and limitations. (Doc. 12 at 10).

As an initial matter, while Plaintiff has pointed to diagnoses, the mere existence of a medical condition or impairment does not shed light on the ability to work. *E.g. Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). Liberally construed, Plaintiff appears to contend the ALJ erred in rejecting his testimony of disabling pain. (R. 12 at 8-10). As discussed below, the ALJ's decision, including his finding that Plaintiff's testimony was less than fully credible, is supported by substantial evidence and complies with applicable law.

During the hearing, Plaintiff testified he suffered from severe back pain. (R. 43-48). Plaintiff testified the severity of his back pain prevents him from sitting for more than ten minutes without changing positions; Plaintiff noted he often has to lie down and elevate his leg due to pain. (R. 43-45). Plaintiff further claimed

---

[2] Plaintiff also notes the ALJ described him as a "younger individual." (Doc. 12 at 4). Because Plaintiff was 50 when he filed the application and 52 at the time of the ALJ's decision, he contends he should have been classified as "closely approaching advanced age." (*Id.*). While Plaintiff is correct that individuals over 50 are properly categorized as closely approaching advanced age, he makes no legal argument regarding his age category. For whatever it is worth, the ALJ noted Plaintiff's age category was "subsequently changed . . . to closely approaching advanced age." (R. 22). In any event, it appears any mistake in this regard is inconsequential here. *See Miller v. Comm'r of Soc. Sec. Admin.*, 241 F. App'x 631, 635 (11th Cir. 2007).

that, without medication, his pain level was eight or nine on a ten-point ascending scale; Plaintiff rated his pain as five out of ten with medication. (R. 45). However, Plaintiff testified his pain medication made him drowsy. (R. 47). The ALJ found Plaintiff's testimony regarding the intensity, persistence, and limiting effects of his pain to be less than entirely credible. (R. 21).

Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). To establish disability based upon pain, the Eleventh Circuit's pain standard requires:

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Dyer*, 395 F.3d at 1210 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 960-61 (11th Cir. 2016). The ALJ is permitted to discredit the claimant's subjective testimony of pain if he or she articulates explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). When the credibility of a claimant's testimony is at issue, "[t]he question is not . . . whether the ALJ could have reasonably credited testimony, but whether the ALJ was clearly wrong to

9

discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938-39 (11th Cir. 2011).

Regarding Plaintiff's back pain, the ALJ began by discussing his history of back problems leading up to his August 16, 2013 surgery. (R. 21). The ALJ noted Plaintiff subsequently reported improvement but continued to complain of back pain; the ALJ also noted Plaintiff was discharged from post-surgery physical therapy due to noncompliance. (*Id.*; *see* R. 461,464-66).

The ALJ next discussed the December 2013 consultative examination performed by Dr. T. Gaston; the decision notes Dr. Gaston observed Plaintiff to have: (1) a normal casual gait; (2) an unsteady tandem gait; (3) a positive straight leg raise on the left when seated; and (4) bilateral positive straight leg raises when supine. (R. 12; *see* R. 481-85). The ALJ noted Dr. Gaston's diagnosis of lower back pain and his opinion that Plaintiff could: (1) occasionally lift and carry fifty to seventy-five pounds; (2) frequently lift and carry thirty to thirty-five pounds; (3) frequently climb ladders, ropes, and scaffolds; and (4) frequently crawl. (*Id.*).[3] The ALJ assigned great weight to Dr. Gaston's opinion, finding it was consistent with the treatment record and diagnostic imaging of Plaintiff's spine. (R. 22).

---

[3] Dr. Gaston further opined Plaintiff could: (1) stand, walk, and sit for up to six hours; (2) climb ramps and stairs without limitation; (3) frequently crawl and climb ladders, scaffolds, and ropes; and (4) stoop, crouch, and kneel without limitation. (R. 485).

The ALJ also discussed June 2014 x-rays showing borderline disc space narrowing at L4-5 with marginal osteophyte formation and mild lower lumbar facet arthropathy. (R. 21; *see* R. 653). Also noted is the late 2014 treatment by Dr. Robert Poczatek, consisting of a series of epidural injections; these injections had to be discontinued due to Plaintiff's diabetes. (R. 21; *see* R. 612; 921-22). An MRI ordered by Dr. Poczatek revealed "a small central disc protrusion at the L5-S1 level without any evidence of significant central canal or neural foraminal stenosis." (R. 920). The decision notes medical providers described Plaintiff's lumbar DDD as "mild" in July 2014. (R. 21; *see* R. 707). The ALJ also addressed Plaintiff's testimony that the medications prescribed to treat his back pain made him drowsy but found the treatment record revealed no complaints of drowsiness. (R. 22).

Finally, the ALJ also relied on Plaintiff's self-reported daily activities to find that Plaintiff's impairment was not as disabling as alleged. (R. 22) In particular, the ALJ noted Plaintiff testified he: (1) does the housework and cooking for himself and his uncle; and (2) goes to church weekly; and (3) visits his father's house twice a week and sometimes cooks for his father. (*Id.*; *see* R. 51, 53-54).

Plaintiff does not take particular issue with any specific conclusion the ALJ reached regarding the credibility of his testimony. (Doc. 12). Review of the record reveals the ALJ accurately described the medical evidence, including the

procedures, examination findings, and diagnostic tests mentioned in Plaintiff's brief. The ALJ's assignation of great weight to Dr. Gaston's opinion appears to be proper, as the ALJ found it was consistent with his examination findings and the record as a whole. Plaintiff does not point to any other opinion evidence in the record to cast doubt on Dr. Gaston's opinion. Finally, while not dispositive of the issue, the ALJ did not err in relying on Plaintiff's self-reported daily activities to show his impairments were not as severe as alleged. 20 C.F.R. § 416.929(c)(3)(i); *Dyer*, 395 F.3d at 1212.

As described above, the ALJ offered explicit and adequate reasons for finding Plaintiff's testimony of disabling pain was less than fully credible. *See Wilson*, 284 F.3d at 1225. Certainly, the ALJ was not "clearly wrong to discredit it." *Werner*, 421 F. App'x at 938-39.

## IV. CONCLUSION

Upon review of the administrative record and considering all of Plaintiff's arguments, the undersigned finds the Commissioner's decision is supported by substantial evidence and is in accord with applicable law. Accordingly, the Commissioner's decision is due to be affirmed. A separate order will be entered.

**DONE** this 29th day of March, 2018.

*[signature]*
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE